**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **ANTONIO D. ALEXANDER** | ] | |
|     Petitioner, | ] | |
| | ] | |
| v. | ] | No. 3:15-0680 |
| | ] | Judge Campbell |
| **STEVE NIXON, WARDEN** | ] | |
|     Respondent. | ] | |

### M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Deberry Special Needs Facility in Nashville. He brings this action pursuant to 28 U.S.C. § 2254 against Steve Nixon, Warden of the prison, seeking a writ of habeas corpus.

### I. Background

On July 24, 2010, a jury in Rutherford County found the petitioner guilty of first degree felony murder, second degree murder, especially aggravated kidnapping, especially aggravated robbery, attempted aggravated robbery, and reckless endangerment. Docket Entry No.24-15 at pgs.225-228.

By operation of law, the trial judge merged the murder convictions. Docket Entry No.24-18 at pg.26. The jury, which had been death qualified, fixed the petitioner's sentence for the first degree murder conviction at life imprisonment without the

1

possibility of parole. Docket Entry No.24-2 at pg.120. For the remaining crimes, the petitioner was given a consecutive aggregate sentence of ninety (90) years in prison. Docket Entry No. 24-2 at pgs.144-148.

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the convictions and sentences. Docket Entry No.24-29. The Tennessee Supreme Court would later deny the petitioner's application for further discretionary review. Docket Entry No.24-31.

In September, 2013, the petitioner filed a *pro se* petition for state post-conviction relief in the Criminal Court of Rutherford County. Docket Entry No.24-32 at pgs.8-22. Counsel was appointed to represent the petitioner and an amended post-conviction petition was filed. Following an evidentiary hearing, the trial court denied the petitioner post-conviction relief. Docket Entry No.24-33 at pgs.115-120.

On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No.24-37. Once again, the Tennessee Supreme Court chose not to grant the petitioner's request for additional post-conviction review. Docket Entry No.24-39.

## II. Procedural History

On June 18, 2015, the petitioner initiated this action with the *pro se* filing of a petition for writ of habeas corpus (Docket

Entry No.8).[1] The petition contains seven claims for relief. These claims include:

> 1) the evidence was insufficient to support the petitioner's convictions;
>
> 2) petitioner's sentences were improperly enhanced, contrary to the teachings of Apprendi;[2]
>
> 3) consecutive sentences were imposed in violation of Blakely;[3]
>
> 4) failure to sequester the jury the weekend prior to the commencement of the trial was a denial of due process;
>
> 5) the ineffectiveness of trial counsel[4]
>    a) failure to object to allowing the unsworn jurors to return home for the weekend prior to the commencement of the trial;
>    b) failure to arrange for the petitioner to be present at the hearing on motion for a new trial; and
>    c) failure to object to a perceived double jeopardy violation, i.e., "conviction and sentences for numerous charges arising out of the same incidents constituted multiple punishments for the same offense."

By an order (Docket Entry No.10) entered July 6, 2015, the

---

[1] The petition was originally submitted unsigned. *See* Docket Entry No.1.

[2] Apprendi v. New Jersey, 530 U.S. 466 (2000).

[3] Blakely v. Washington, 542 U.S. 296 (2004).

[4] Because the petitioner was facing the death penalty, he was appointed two attorneys to represent him. These attorneys were Barry Tidwell, a member of the Rutherford County Bar, and Hershell Koger, a member of the Giles County Bar.

respondent was directed to file an answer, plead or otherwise respond to the petition.

Presently before the Court is the respondent's Answer (Docket Entry No.26), to which the petitioner has offered no reply. Having carefully considered the petition, respondent's Answer, and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

### III. Analysis of the Claims

**A.) Procedurally Defaulted Claims**

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. 28 U.S.C. § 2254(b)(1).

While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Consequently, as a condition precedent to seeking federal habeas

corpus relief, the petitioner is required to fairly present his claims to every available level of the state court system. Rose v. Lundy, 455 U.S. 509, 518-20 (1982); Lyons v. Stovall, 188 F.3d 327,331 (6th Cir.1999). The petitioner must offer the state courts both the factual and legal bases for his claims. Hicks v. Straub, 377 F.3d 538,552 (6th Cir.2004). In other words, the petitioner must present "the same claim under the same theory" to the state courts. *Id.* It is not enough that all the facts necessary to support a federal claim were before the court or that the petitioner exhausted a somewhat similar state law claim. Anderson v. Harless, 459 U.S. 4,6 (1982).

Once petitioner's federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990).[5]

Federal habeas corpus relief is only available to cure "a violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, a claim that is based upon a perceived error or misapplication of state law will not normally be recognized as an actionable claim for federal habeas corpus relief. Lewis v.Jeffers, 497 U.S. 764, 780 (1990).

---

[5] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; *see also* Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

In challenging his sentences, the petitioner argues that the trial judge erred by improperly enhancing them in violation of <u>Apprendi</u> (Claim No.2) and by running them consecutively in violation of <u>Blakely</u> (Claim No.3).

These claims were presented to the state courts solely as perceived errors of state rather than federal law. Docket Entry No.24-27 at pgs.17-23. As a consequence, these issues have never been fully exhausted in the state courts as federal claims.

Unfortunately, at this late date, the petitioner is no longer able to raise his sentencing issues as federal claims in state court. *See* Tenn. Code Ann. § 40-30-102(a) and (c). Therefore, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to these claims. <u>Alley v. Bell</u>, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

The exhaustion of a claim *via* procedural default does not, however, automatically entitle a habeas petitioner to federal review of that claim. To prevent a federal habeas petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some

showing of actual prejudice resulting from the alleged constitutional violations. Gray v. Netherland, 518 U.S. 152, 162 (1996).

A habeas petitioner can not rely on conclusory assertions of cause and prejudice to overcome the adverse effects of a procedural default. Rather, he must present affirmative evidence or argument as to the precise cause and prejudice produced. Lundgren v. Mitchell, 440 F.3d 754, 764 (6th Cir.2006). To demonstrate cause, the petitioner must show that an objective factor external to the defense interfered with his ability to comply with the state procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). To establish prejudice, there must be a showing that the trial was infected with constitutional error. United States v. Frady, 456 U.S. 152, 170-72 (1982).

The petitioner's pleadings offer nothing to suggest cause for the failure to exhaust his sentencing claims as questions of federal law in the state courts in a timely manner. Nor has there been a showing of prejudice arising from the alleged violations. Consequently, petitioner's sentencing claims (Claim Nos.2 and 3) will not support an award of federal habeas corpus relief. Teague v. Lane, 489 U.S. 288,297-98 (1989)(denial of a claim is appropriate when the federal claim was not raised in the state appellate courts for review).

Two of the petitioner's ineffective assistance claims, i.e.,

7

failure to arrange for the petitioner's attendance at the hearing for a new trial (Claim No.5b) and the failure to object to a perceived double jeopardy violation (Claim No.5c), were never raised in a state appellate court. *See* Docket Entry No.24-35. As noted above, state court remedies for these claims are now no longer available. In the absence of cause and prejudice, the procedural default of those remedies is unexcused and will not support an award of federal habeas corpus relief.

**B.) Fully Exhausted Claims**

The petitioner's remaining claims challenging the sufficiency of the evidence (Claim No.1), the failure to sequester the jury (Claim No.4) and the ineffectiveness of counsel (Claim No.5a) for neglecting to object to the failure to sequester the jury were considered by the state courts on the merits and have been fully exhausted.[6]

The availability of federal habeas corpus relief is limited with respect to claims that have been previously adjudicated on the merits in state court. Harrington v. Richter, 131 S.Ct. 770,780 (2011). When a claim has been adjudicated on the merits in state

---

[6] In his Answer, the respondent contends that the petitioner framed the failure to sequester issue (Claim No.4) in the state courts as a question of state rather than federal law. Docket Entry No.26 at pg.26. Clearly, the petitioner did refer to state law in an effort to exhaust this claim. However, the Court finds that petitioner's reference to a due process violation was sufficient to raise this claim to a question of federal as well as state law.

8

court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999).

In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. *Id.* at 529 U.S. 389.

**1.) Sufficiency of the Evidence**

The right to due process guaranteed by the Constitution insures that no person will be made to suffer the onus of a criminal conviction except upon sufficient proof. Sufficient proof has been defined as the "evidence necessary to convince a trier of

9

fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 99 S.Ct. 2781, 2787 (1979). When weighing the sufficiency of the evidence to support a criminal conviction, the Court must view the evidence in a light most favorable to the prosecution. *Id.* at 2789.

It is the responsibility of the jury, not the court, to decide what conclusions should be drawn from evidence admitted at trial. Cavazos v. Smith, 132 S.Ct. 2,4 (2011). For that reason, within the context of a sufficiency of the evidence claim in a habeas action, a court need only answer "whether that finding was so unsupportable as to fall below the threshold of bare rationality". Coleman v. Johnson, 132 S.Ct. 2060, 2065 (2012).

The proof presented at trial showed that an individual wearing a ski mask and coveralls approached an employee of an O'Charley's restaurant as he got into his car at the end of his shift. The masked individual brandished a .22 caliber pistol and told the employee that he was robbing him. Docket Entry No.24-9 at pg.194. The masked man forced the employee out of his car and led him to the back door of the restaurant.

Another employee opened the back door of the restaurant. Docket Entry No.24-10 at pg.278. When he did, the masked man pointed the pistol at him. Both employees ran into the manager's office where the manager was counting the evening's receipts. The employees tried to keep the robber from coming through the door but

10

were not completely successful. The masked man demanded that they open the door and give him the money. When they did not comply, the robber fired two shots into the office.

The manager was struck in the abdomen by one of the bullets. The masked man came through the door and grabbed approximately $2700 in cash before fleeing the scene. The manager later died from his wound.

Employees of the restaurant gave the police a general physical description of the perpetrator that matched the petitioner. Docket Entry No.24-9 at pg.158; Docket Entry No.24-10 at pg.278. A van with a warm hood was found in the lot behind the restaurant. Inside the van, police recovered petitioner's work badge, several pairs of gloves, earplugs, a stocking mask and a wallet with the petitioner's driver's license. Docket Entry No.24-11 at pg.167.

The police found a trail of money leading from a fence behind the restaurant to a house undergoing renovation. *Id.* at pg.189. Inside the house were footprints matching those found near the fence. Police recovered a pair of coveralls, an earplug, gloves and a loaded .22 caliber pistol at the house. *Id.* at pg.190. Petitioner's DNA was found on the gloves and coveralls. Docket Entry No.24-13 at pgs.252-257. The bullets from the .22 caliber pistol were consistent with those fired at the restaurant.

Evidence further showed that the petitioner tried to have a male friend and a girlfriend provide him with an alibi for the time

11

of the killing. Docket Entry No.24-12 at pg.305; Docket Entry No.24-14 at pgs.60-61. Petitioner's shoes dropped in a dumpster by the male friend matched the footprints found at the house undergoing renovation.

While no one was able to positively identify the petitioner as the killer, the circumstantial evidence of his guilt was overwhelming. The jury's verdict, therefore, was not so unsupportable as to fall below the threshold of bare rationality. Thus, the evidence was more than sufficient to establish the petitioner's guilt to first degree felony murder, especially aggravated kidnapping, especially aggravated robbery, attempted aggravated robbery and reckless endangerment. This claim is without merit.

**2.) Sequestration of the Jury**

In this case, the prosecution sought the death penalty. Under state law, a death qualified jury must be sequestered during the trial. State v. Bondurant, 4 S.W.3d 662,672 (Tenn.1999). Prior to trial and before the jury was sworn in, though, the trial judge admonished the jury not to discuss the case or watch media reports about the case and allowed the jury to return home for the weekend.

The petitioner believes that the failure to sequester the jury even though it had not yet been sworn in and the trial had not started, in some way served to deny him a fair trial (Claim No.4).

On review, the state courts determined that the failure to

sequester the jury did not violate state law. Docket Entry No.24-37 at pg.4. It has been held "that a state court's interpretation of state law .... binds a federal court sitting in habeas corpus." Bradshaw v. Richey, 546 U.S. 74,76 (2005). Moreover, a criminal defendant has no federally protected right to a sequestered jury. Powell v. Rose, 581 F.Supp. 60,63 (M.D. Tenn.1983), *aff'd* 727 F.2d 1110 (6th Cir.1984). Therefore, this issue has no merit.

**3.) Ineffective Assistance of Counsel**

The petitioner's final claim is that trial counsel were ineffective for neglecting to object and raise on appeal the trial judge's failure to sequester the jury (Claim No.5a).

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 379 U.S. 759, 771 (1970). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668 (1984).

Prejudice arises when there is a reasonable probability that, but for counsels' errors, the result of the proceeding would have been different. *Id.* at 466 U.S. 694. When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497

(6th Cir. 2003).

As noted above, the petitioner had no federally protected right to a sequestered jury. As a consequence, petitioner's lawyers, within the context of a federal habeas corpus proceeding, could not have been deficient for failing to object to this situation. Nor has the petitioner shown any prejudice that may have arisen from allowing the jury to return home for the weekend. It appears, therefore, that this claim has no merit.

The petitioner has failed to rebut the presumption of correctness accorded to the findings of fact made by the state courts with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Nor has he shown in what way the legal conclusions made by the state courts with respect to the exhausted claims are either contrary to or an unreasonable application of federal law.

## IV. CONCLUSION

Four of the petitioner's claims were never properly exhausted in the state courts (Claim Nos.2,3,5b and 5c). The procedural default of the state remedies for these claims is unexcused. For that reason, these claims are insufficient to support an award of habeas corpus relief.

The state courts determined that the petitioner's fully exhausted claims lacked merit (Claim Nos.1,4 and 5a). The record supports these findings. The petitioner has failed to demonstrate in what way the legal analysis of the state courts ran contrary to

federal law. Accordingly, having carefully reviewed the record, it appears that the state court adjudication of petitioner's fully exhausted claims was neither contrary to nor an unreasonable application of federal law. Consequently, these claims have no merit.

An appropriate order will be entered.

_____
Todd Campbell
United States District Judge